UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATAWNYA DENISE COWAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KANSAS DEPARTMENT OF CHILDREN AND FAMILIES and NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | Case No. 25-4128-DDC-RES |

## ORDER

This matter comes before the Court on pro se Plaintiff LaTawnya Denise Cowan's Motion for Leave to Proceed Without Prepayment of Fees. ECF No. 3.[1] For the reasons explained below, the Motion is denied without prejudice to refiling.

28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's present Motion and Affidavit do not establish that she is unable to pay this District's filing fee. "[T]he Tenth Circuit has determined that a monthly income that exceeds monthly expenses even 'by a few hundred dollars' is 'sufficient income to pay the filing fees[.]'" *Coon v. Trans Am Fin. Servs.*, No. 24-4025-DDC-RES, 2024 WL 2091272, at *2 (D. Kan. May 9, 2024) (quoting *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002)). Plaintiff's Affidavit states that she receives $891 per month in Social Security benefits. ECF No. 3-1 at 4. The Affidavit also lists various expenses that add up to $470. Based on these numbers, it appears that Plaintiff's monthly income exceeds her monthly expenses by $421, an amount greater than the $405 filing fee.

The Court could recommend denial of the Motion on this basis. However, the undersigned has previously granted Plaintiff leave to proceed IFP in another case filed this year, *Cowan v. KVC Behavioral Healthcare, Inc. ("KVC")*, No. 25-4035-DDC-RES, ECF No. 5 (D. Kan. Apr. 9, 2025). In Plaintiff's application filed in *KVC*, she lists $1,200 in monthly Social Security Disability Insurance ("SSDI") payments. *Id.* at ECF No. 3 at 2. That application also listed significant monthly expenses that are not reflected in the present Affidavit. *See generally id.* As but one example, Plaintiff listed $600 in monthly food expenses in *KVC* while now listing $200 in monthly grocery expenses in this case. Additionally, in *KVC*, Plaintiff disclosed significant credit card debt that is not listed in the present Affidavit. *See id.* While it is possible that Plaintiff's financial situation has changed since she filed her prior case, it is also possible that Plaintiff's present Affidavit is incomplete or that Plaintiff could otherwise explain why she does not have any funds left at the end of each month. This is why the Court is providing Plaintiff with another opportunity to establish that she is unable to pay the filing fee. That said, Plaintiff must carefully review all statements made in an affidavit signed under penalty of perjury and provide additional information

when necessary—for example, explaining why Plaintiff's SSDI payments appear to have decreased.

For these reasons, Plaintiff's Motion is denied without prejudice to refiling, which means that Plaintiff may refile a motion for leave to proceed without prepayment of fees. On or before **January 16, 2026,** Plaintiff must: (1) file a new motion for leave to proceed without prepayment of fees using the forms provided by the Clerk's Office: (2) pay the filing fee; or (3) take appropriate action to dismiss this case. If Plaintiff fails to do any of these things, the Court likely will dismiss this action without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed Without Prepayment of Fees, ECF No. 3, is **DENIED** without prejudice to refiling on or before **January 16, 2026**.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to mail Plaintiff a clean copy of this District's model motion for leave to proceed without prepayment of fees and model affidavit of financial status.

**IT IS SO ORDERED.**

Dated: December 23, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge